IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | |
| | ) | MISCELLANEOUS CASE NO. |
| v. | ) | 11-0005-KD-N |
| | ) | |
| JOHN CORLEY, | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b) and Local Rule 72.2(a) for appropriate action. On April 4, 2011, the undersigned conducted a show cause hearing on the United States' Petition to Enforce Internal Revenue Service ("IRS") Summons (doc. ) issued to respondent, John Corley. Present at the hearing were John Corley, and counsel for the government, AUSA Charles Baer.[1] For the reasons set forth below, it is recommended that the government's petition be GRANTED.

I. Background

On February 17, 2011, the United States filed a Petition seeking an order from the court enforcing IRS Summons. (Doc. 1) Shortly thereafter, the court entered an Order requiring respondent John Corley to appear before the court on April 4, 2011, to show cause why he should not be compelled to comply with the Summons. (Doc. 3) The court further ordered respondent to file a written response to the United States' petition two weeks prior to the hearing,

---

[1] Also in attendance at the hearing was IRS Revenue Agent Shannon Hartley.

and to serve on the United States any defenses or motions in opposition; any uncontested allegations in the petition are deemed to be admitted. (Id.) Respondent filed a response on March 2011. (Doc. 5)

II. Motion to Enforce Summons

The Eleventh Circuit has described the requirements the IRS must establish for judicial enforcement of an IRS summons as follows:

> In order to succeed in enforcing a summons, the IRS must show four elements: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. [U.S. v.] Medlin, 986 F.2d [463] at 466 [11th Cir. 1993)].
>
> Once the showing required by Powell is made, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." La Mura v. United States, 765 F.2d 974, 979-80 (11th Cir.1985). The taxpayer does not meet his burden by contesting the underlying validity of the assessment because the validity of the assessment may not be challenged in a summons enforcement proceeding. United States v. Harper, 662 F.2d 335, 336 (5th Cir. Unit B Nov.1981).

U.S. v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008); *see* Nero Trading, LLC v. U.S.Dept. of Treasury, I.R.S., ─ F.3d ─, 2009 WL 1606956 (11th Cir.).

The government's burden is slight and is typically met by providing an affidavit from the IRS agent issuing the summons. Id. In the present case, the IRS has presented the affidavit of IRS agent Shannon Hartley.

The court found that the IRS satisfied its burden as articulated in Powell and respondent was given the opportunity "to 'disprove one of the four element of the government's prima facie

2

showing *or* convince the court that enforcement of the summons would constitute an abuse of the court's process.' " Morse, 532 F.3d at 1132 (*quoting* La Mura, 765 F.2d at 979-80). Respondent has offered no evidence in opposition to the agency's showing. Rather, respondent contested the authority of the agent and the summons. Further, in his written response, respondent contests, in general, the meaning of certain provisions of the Internal Revenue Code, the IRS Agent's authority and the Rules of Civil Procedure. (*See* Doc. 5 at pp. 6-33.)[2] The undersigned finds that respondent has failed to rebut the government's prima facie showing and has not demonstrated that enforcement of the summons against him would be an abuse of this court's process.

III.    Motion to Quash

At the hearing, respondent advised the undersigned that he had filed a motion to quash the summons but had received no ruling on the motion. The undersigned confirmed that no such motion was filed in the instant action, 11-mc-005-KD-N; however, it was discovered that on February 10, 2011 ( approximately 7 days before the government filed the Petition to Enforce Summons) respondent filed a motion to quash which was docketed as a miscellaneous action, Corley v.Hartley, 11-mc-003-WS-C. The undersigned reviewed respondent's original document

---

[2] Respondent references the constitution in his written materials. To the extent he raises a Fifth Amendment privilege, it is well settled that while a taxpayer is entitled to invoke a Fifth Amendment privilege in response to the IRS's investigation, he " 'must provide more than mere speculative, generalized allegations of possible tax-related prosecution. ... [The taxpayer must show ] a 'substantial and real hazard of self-incrimination...'. " U.S. v. Argomaniz, 925 F.2d 1349, 1353 (11th Cir. 1991) (*quoting* U.S. v. Reis, 765 F.2d 1094, 1096 (11th Cir. 1985)); Hoffman v. U.S., 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself– his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified... .")

which appeared to be similar in nature to the response filed in opposition to the petition. It is the recommendation of the undersigned that 11-mc-003-WS-C be merged into this action and that the motion to suppress be DENIED.

III.     Time and Place of Interview

At the hearing, respondent was advised that the court would recommend that the motion for enforcement of the summons be granted. After some discussion with both parties regarding the location and time of the meeting, it was determined that the meeting take place at the IRS Office on Montlimar Drive, Mobile, Alabama at 10:00 a.m. on Tuesday April 19, 2011.

Conclusion

Accordingly, it is the recommendation of the undersigned that the government's Petition to Enforce IRS Summons be GRANTED and that the respondent's motion to quash the summons be DENIED as MOOT. It is further recommended that the interview be held at the IRS Office, Montlimar Drive, Mobile Alabama at 10:00 a.m. on Tuesday April 19, 2011, or at such other time as hereafter may be agreed between the parties. The parties shall have five (5) days from the date of this Report and Recommendation in which to file their objections, if any. See Magistrate Judge's Explanation of Procedural Rights, attached.

DONE this the 6th day of April 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **five (5) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the
findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [now fourteen]ten days after being served with a copy of the recommendation, **unless a different time is established by order**. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Empahsis added)   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                            /s/   Katherine P. Nelson